HOUSTON, Justice
(dissenting).
I dissent, based upon Rudolph v. Lindsay, 626 So.2d 1278 (Ala.1993), and Hines v. Armbrester, 477 So.2d 302 (Ala.1985). In those two cases, this Court, with me concurring in Rudolph and not voting in Hines, held that a breach of the standard of care was sufficiently inferable from the substance of the expert’s testimony regarding what the defendant medical-care provider should have done, to permit the plaintiff to withstand the physician’s motion for summary judgment and to have the case decided by the trier of facts. If the playing field is to be level in this Court, I must hold that the standard of care Dr. Taylor was required to exercise in treating Ms. Hanner was sufficiently inferable from the substance of the testimony of Dr. Douglas Rollins and Dr. Jack Blackwell to permit the trier of fact to decide whether Dr. Taylor’s actions or inactions constituted medical malpractice.
The trial court’s new-trial order, in pertinent part, stated:
“[T]here is no question in the Court’s mind that the error committed by the Court in denying the Plaintiffs motion [for a directed verdict,] when coupled with the inflammatory and patently improper closing argument of defense counsel ... created an [ineradicable] atmosphere of sympathy for the Defendant....”
(Emphasis added.)
The plaintiff did not object to defense counsel’s closing argument. Therefore, any improper argument of counsel is not a ground for a new trial, unless the remarks were so grossly improper and highly prejudicial as to be beyond corrective action by the trial court.
I would remand this case for the trial court to determine whether the closing argument of Dr. Taylor’s counsel, uncoupled from what *71 I have determined was not error, would be sufficient grounds for a new trial.
HOOPER, C.J., and SEE, J., concur.